IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT CRANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. 4:20-cv-00013 |
| | § | |
| RAVE RESTAURANT GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE AND BRIEF IN SUPPORT TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Scott Crane (hereinafter "Plaintiff" or "Crane") files this Response and Brief in Support (the "Response") to the Motion to Dismiss and Supporting Brief [ECF No. 8] (the "Motion") filed by Defendant Rave Restaurant Group, Inc. (hereinafter "Defendant" or "Rave" or the "Company"), and shows as follows:[1]

## SUMMARY OF RESPONSE

Rave tries, but fails, to substantively distinguish the Fifth Circuit case prominently cited in Crane's Complaint, *Sellers v. Mineral Tech, Inc.,* 753 Fed. Appx. 272 (5th Cir. 2018). Rave made impossible Crane's satisfaction of the condition precedent to the fulfillment of Rave's promise to him. The *Sellers* holding is clear, it applies to this case, and the Court should reject Rave's invitation to violate long-standing contract construction principles under Texas law. Crane's well-pleaded Complaint states a claim upon which this Court can grant relief, and the Court should therefore, except in one narrow instance, deny the "rare" and "disfavor[ed]" relief requested in the Motion.

---

[1] Unless otherwise defined herein, Crane incorporates by reference the defined terms in the Motion.

## TABLE OF CONTENTS

SUMMARY OF RESPONSE ........................................................................................... 1

TABLE OF AUTHORITIES ........................................................................................... 3

STATEMENT OF THE ISSUES .................................................................................... 5

STANDARD OF REVIEW .............................................................................................. 5

ARGUMENT & AUTHORITY ...................................................................................... 6

A.   Crane states a cognizable contract claim for his Rave stock which the Company attempted to wrongfully deprive him of by making impossible the satisfaction of a condition precedent. ............................................................................................................................... 6

1.   Texas law mandates that the Court construe contracts strictly to avoid a forfeiture. ........ 6

2.   The Company engages in its contract analysis in a vacuum without meaningfully distinguishing Sellers. ............................................................................................................... 7

B.   Crane states a proper contract claim for the Company's wrongful refusal to pay him his earned bonus. ............................................................................................................................. 10

C.   Crane states an appropriate contract claim for the Company's wrongful refusal to pay him unpaid vacation. .................................................................................................................. 12

D.   Crane states a claim upon which relief can be granted for severance pay and COBRA premiums. .................................................................................................................................. 12

E.   Crane states a cognizable claim for fraudulent inducement. ........................................ 13

1.   Crane adequately pleads fraudulent intent. ...................................................................... 13

2.   Crane adequately pleads justifiable reliance. .................................................................... 14

F.   Crane agrees that he failed to state a claim for statutory fraud. ................................... 15

G.   If the Court finds that Crane failed to state a claim, the Court should grant Crane leave to amend. ................................................................................................................................... 15

CONCLUSION ............................................................................................................... 16

CERTIFICATE OF SERVICE .................................................................................... 17

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Authier v. Automated Logic Consulting Services, Inc.*, 5:14-CV-993-DAE,
    2016 WL 4069886 (W.D. Tex. July 28, 2016) ............................................................. 7

*Castroville Airport, Inc. v. City of Castroville*,
    974 S.W.2d 207 (Tex. App.—San Antonio 1998, no pet.) ....................................... 10

*Estate of I.C.D. v. Beaumont Indep. Sch. Dist.*, 1:18-CV-137,
    2020 WL 1028073 (E.D. Tex. Mar. 2, 2020) ........................................................... 15

*Ginn v. NCI Bldg. Sys., Inc.*,
    472 S.W.3d 802 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ............................ 15

*Ginsburg v. ICC Holdings, LLC*, 3:16-CV-2311-D,
    2017 WL 5467688 (N.D. Tex. Nov. 13, 2017) ......................................................... 15

*Hart v. Bayer Corp.*,
    199 F.3d 239 (5th Cir. 2000) ................................................................................... 15

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*,
    341 S.W.3d 323 (Tex. 2011) .................................................................................... 14

*Karapetyan v. JPMorgan Chase Bank, N.A.*,
    4:10CV536, 2011 WL 13217621 (E.D. Tex. Oct. 25, 2011) .................................... 12

*Lewis v. Vitol, S.A.*, 01-05-00367-CV,
    2006 WL 1767138 (Tex. App.—Houston [1st Dist.] June 29, 2006, no pet.) .......... 10

*Matter of Pirani*,
    824 F.3d 483 (5th Cir. 2016) ............................................................................. 6, 11

*Nichols v. Enterasys Networks, Inc.*,
    495 F.3d 185 (5th Cir. 2007) ................................................................................... 10

*Oldham v. ORIX Fin. Services, Inc.*, 3:05CV2361 M,
    2007 WL 530202 (N.D. Tex. Feb. 21, 2007) ........................................................... 10

*Pizza Inn, Inc. v. Clairday*, 3:18-CV-0221-N,
    2019 WL 999463 (N.D. Tex. Mar. 1, 2019) ............................................................... 6

*Schlumberger Tech. Corp. v. Swanson*,
    959 S.W.2d 171 (Tex. 1997) .................................................................................... 14

*Sellers v. Mineral Tech, Inc.*,
   753 Fed. Appx. 272 (5th Cir. 2018) .................................................................................. 1, 9

*Shakeri v. ADT Sec. Services, Inc.*,
   816 F.3d 283 (5th Cir. 2016) ............................................................................................. 14

*Skelton v. Mobile Sys. Intern. Inc.*,
   CIV.A.3:98CV1254M, 2000 WL 381945 (N.D. Tex. Apr. 14, 2000) ................................. 7, 8

*Tittle v. Enron Corp.*,
   463 F.3d 410 (5th Cir. 2006) ............................................................................................... 8

*Turner v. Pleasant*,
   663 F.3d 770 (5th Cir. 2011) ............................................................................................... 5

*United States v. Bollinger Shipyards, Inc.*,
   775 F.3d 255 (5th Cir. 2014) ............................................................................................. 13

*Wagner & Brown, Ltd. v. Sheppard*,
   282 S.W.3d 419 (Tex. 2008) ................................................................................................ 6

*Wilson v. Noble Drilling Services, Inc.*,
   405 Fed. Appx. 909 (5th Cir. 2010) ..................................................................................... 7

*Wooten v. McDonald Transit Associates, Inc.*,
   788 F.3d 490 (5th Cir. 2015) ........................................................................................ 10, 11

## **Rules**

FED. R. CIV. P. 8 ................................................................................................................. 13, 16

FED. R. CIV. P. 8(a)(2) ............................................................................................................. 12

FED. R. CIV. P. 9 ...................................................................................................................... 12

FED. R. CIV. P. 9 (c) ................................................................................................................. 11

FED. R. CIV. P. 9(b) ............................................................................................................ 13, 14

Fed. R. of Evid. 405 .................................................................................................................. 14

## STATEMENT OF THE ISSUES

Pursuant to Local Rule CV-7(a)(1), the issues presented by Rave are whether Crane stated a claim upon which relief can be granted on every single claim alleged in Crane's Original Complaint [ECF No. 1].

## STANDARD OF REVIEW

This Court knows all too well the standards by which a motion under Rule 12(b)(6) is judged. Unfortunately—at least for the preservation of valuable judicial resources—many defendants have never seen a complaint that they do not believe warrants a motion to dismiss. This is an unfortunate aspect of modern federal civil litigation practice, and the strategy ignores the Fifth Circuit's directive that "a motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), as revised (Dec. 16, 2011) (internal citations and quotations omitted).

Rave similarly ignores the Fifth Circuit's direction and instead files a "kitchen-sink" motion to dismiss attacking each and every cause of action alleged in the Complaint, forcing Crane and this Court to engage in an expense and time-consuming effort to analyze, brief, and respond at the initial pleading stage for this "disfavor[ed] and [] rarely granted" motion. *Id*. A review of Crane's Complaint demonstrates that it was thoughtfully drafted, with ample evidence, and even includes reference to case law. Crane's fraud claims are broken down using a framework utilized by the Fifth Circuit to prophylactically address the Company's predictable Rule 9(b) challenge. All of Crane's claims unquestionably state a claim upon which relief can be granted – Crane far exceeds the minimum pleading standards which a motion to dismiss under Rule 12(b)(6) was intended to address. The Court should deny the Motion.

# ARGUMENT & AUTHORITY

**A. Crane states a cognizable contract claim for his Rave stock which the Company attempted to wrongfully deprive him of by making impossible the satisfaction of a condition precedent.[2]**

   *1. Texas law mandates that the Court construe contracts strictly to avoid a forfeiture.*

The Company appears to assume in the Motion, without expressly stating, that Texas law applies to issues of contract construction and other state-law matters in this case. Crane follows suit, but specifically notes that his employment agreement calls for the application of Texas law. ECF No. 8-1 at p. 9.[3]

Forfeiture is the centerpiece of Rave's argument that it can deprive Crane of the Rave stock it promised him. Indeed, Rave uses some version of the term "forfeit" at least *35* times in its Motion. Consequently, the Court should view Rave's argument through long-standing Texas precedent that "equity abhors forfeiture." *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 429 (Tex. 2008) (internal quotation omitted); *Pizza Inn, Inc. v. Clairday*, 3:18-CV-0221-N, 2019 WL 999463, at *3 (N.D. Tex. Mar. 1, 2019) (Godbey, J.) (stating same where an affiliate of Rave unsuccessfully argued that its counter-party forfeited rights under an agreement by providing late notice of renewal). "If the terms of a contract are fairly susceptible of an interpretation which will prevent a forfeiture, they will be so construed." *Matter of Pirani*, 824 F.3d 483, 497 (5th Cir. 2016) (internal quotations and citations omitted). The Company does not acknowledge Texas

---

[2] To aid the Court's review of the Motion and this Response, Crane attempts to address Rave's argument in the same order as in the Motion, although the lettering is off by one letter because Crane did not repeat in his Motion the facts from his Complaint. Thus, for example, Section B of Rave's argument section corresponds with Section A of Crane's argument section, and so on.

[3] All page references to electronically filed documents are to the ECF page numbers in the top banner.

law's long-standing bias against forfeiture in its Motion, despite forfeiture being the keystone to its purported right to deprive Crane of the stock it promised him.

> 2. *The Company engages in its contract analysis in a vacuum without meaningfully distinguishing Sellers.*

The Company waits to address *Sellers* until the eighth page of its Motion, after almost six pages of motion-for-summary-judgment-sounding argument on contract interpretation. And when Rave does finally address *Sellers*, it only does so cursorily. There is a good reason that Rave is running from *Sellers*.

Boiled to its essence, Rave's argument is the same one rejected by the Fifth Circuit in *Sellers*, that Crane forfeited his Rave stock when he was terminated without cause just before the stock vested. Rave spends almost six pages of its Motion making a contractual interpretation argument before it even mentions the case that appears in the second paragraph of Crane's Complaint. Before discussing *Sellers*, the Company cites several pre-*Sellers* cases – they are all easily distinguishable.

Rave relies on *Wilson v. Noble Drilling Services, Inc.*, 405 Fed. Appx. 909, 915 (5th Cir. 2010), but *Wilson* was a FMLA case that also had a contract element. After terminating the employee for what amounted to insubordination, the company refused to pay a bonus because, under the terms of the company's short-term incentive plan, only employees who were employed on date the bonus was payable were entitled to the bonus. *Wilson*, 405 Fed. Appx. at 911. *Wilson* did not involve the *forfeiture* of *equity* that had already been awarded, and *Wilson* was a ruling on a motion for summary judgment, not a motion to dismiss for failure to state a claim. *Wilson* was also pre-*Sellers*.

Rave also relies on *Authier v. Automated Logic Consulting Services, Inc.*, 5:14-CV-993-DAE, 2016 WL 4069886 (W.D. Tex. July 28, 2016) (Ezra, J.), which the Company asserts is

"[e]ven more on point" than *Wilson*. ECF No. 8 at p. 12. But *Authier* is not helpful. *Authier*, like *Wilson*, is a summary judgment ruling that involves, among other things, a company's refusal to pay a *discretionary bonus* (whether the bonus in *Wilson* was discretionary is unclear from the opinion). But the court in *Authier* did not even reach the ultimate question for which Rave cites it because the court found any hypothetical bonus would have been zero. *Id*. at *8. ("Nevertheless, the Court *need not reach the question* whether the BLIP entitles Plaintiff to a pro rata share of an incentive payment. Assuming that the Plaintiff is entitled to a pro rata share, ALCS has proffered undisputed evidence that Plaintiff's pro rata share is $0.") (emphasis added).

Finally, Rave relies on a district court case issued 18 years before *Sellers*. *Skelton v. Mobile Sys. Intern. Inc.,* CIV.A.3:98CV1254M, 2000 WL 381945, at *8 (N.D. Tex. Apr. 14, 2000) (Lynn, J.). *Skelton*, like *Authier* and *Wilson*, was a ruling on a motion for summary judgment, not a motion to dismiss for failure to state a claim. The employee's unvested stock in Skelton was not forfeited, but rather was subject to a "call" that allowed the employer to repurchase the stock at cost. *Id*. at *2. Rave says that the court's "'for any reason' qualification left 'no doubt as to [the employer/defendant's] intentions,'" but that statement was vis-à-vis the court's decision to grant summary judgment as to the employee's "federal and state securities fraud claims," not her breach of contract claim. *Id*. at *8. The breach-of-contract issue was whether the company could buy back the employee's stock pursuant to the call—not to forfeit her stock altogether—and the court answered in the affirmative. *Id*. Those are not the facts of this case. Indeed, the term "condition precedent" is not used once in *Skelton, Authier* or *Noble*.

When the Company finally gets around to addressing *Sellers*, it starts by arguing that Crane improperly relies on paragraph 2, whereas the Company contends the proper place to look is paragraph 5. ECF No. 8 at p. 13-14 ("However, the proper analysis noted above focuses on the

separate—and expressly set out—term in the paragraph 5 …"). The Company argues that, at the pleading stage, the Court should ignore paragraph 2's "nonforfeitable" language and only read paragraph 5's "forfeiture" language. *Id*. This argument flies in the face of basic Texas contract-interpretation principles, including that courts must read contracts as a whole, not ignore provisions, and not read provisions in isolation. *See e.g. Tittle v. Enron Corp.*, 463 F.3d 410, 419 (5th Cir. 2006) (finding that under Texas law, "a court construing a contract must read that contract in a manner that confers meaning to all of its terms, rendering the contract's terms consistent with one another []" and "courts should examine and consider *the entire writing* in an effort to harmonize and give effect to *all the provisions* of the contract so that none will be rendered meaningless .... No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument.") (internal citations and quotations omitted) (emphasis in original)).

It is worth remembering the task at hand: determining whether Crane stated a claim upon which relief can be granted. He did, indeed. While the Court need not get into this level of analysis to deny the Motion, if the Court decides to construe the contracts at hand at the *pleading* stage, construing the entire writing and giving effect to all the provisions of the contract, Crane's construction of the contracts state a claim upon which relief can be granted. Nothing in the Company's favorite paragraph 5 is inconsistent with paragraph 2's "nonforfeitable" provision that created a condition precedent to Crane receiving his promised shares.

The Company sums up the distinction *it* draws between *Sellers* and this case as follows: "Simply put, the *Sellers* plaintiff was terminated *without* cause, and no express forfeiture provision applied. In stark contrast, an express forfeiture provision applies in this case." ECF No. 8 at p. 14. But that is really no distinction at all. After all, Crane, like the plaintiff in *Sellers*, was also terminated without cause. And while there is a section in one of the parties' contracts that is entitled "Forfeiture

of Units," there is also a section in the same contract entitled "Vesting of Units" that provides that "Units will become fully vested and *nonforfeitable* if (i) Participant remains continuously employed by the Company through the Vesting Date indicated in this Agreement …" ECF No. 8-2 §§2, 5 (emphasis added). The Company fails to acknowledge that Crane's employment on the Vesting Date *was* a condition precedent to vesting, but there is no doubt it was. *Sellers*, 753 Fed. Appx. at 277 ("This clause contains the 'if-then' conditional language recognized under Texas jurisprudence as necessary for creating a condition precedent, and it is difficult to interpret such language as doing otherwise."). Similarly, the Company fails to acknowledge that it did, indeed, make satisfaction of that condition precedent impossible by terminating Crane without cause just before the units vested. Crane is entitled to a jury of his peers to determine, among other things, the fact issue of satisfaction of this unmistakable condition precedent. *See e.g. Castroville Airport, Inc. v. City of Castroville*, 974 S.W.2d 207, 210 (Tex. App.—San Antonio 1998, no pet.) (holding that a genuine issue of material fact was raised regarding the satisfaction of this condition precedent, and thus summary judgment was improperly granted). Crane states a claim on his entitlement to all Rave stock he was promised by the Company.[4]

**B.    Crane states a proper contract claim for the Company's wrongful refusal to pay him his earned bonus.**

Of the cases Raves cites in this section of it Motion, not one involves a motion to dismiss for failure to state a claim. *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185 (5th Cir. 2007) (affirming summary judgment); *Oldham v. ORIX Fin. Services, Inc.*, 3:05CV2361 M, 2007 WL 530202 (N.D. Tex. Feb. 21, 2007) (granting summary judgment) (Lynn, J.); *Lewis v. Vitol, S.A.*,

---

[4] Crane acknowledges he requested relief under the Texas Declaratory Judgment Act ("TDJA"), when he should have requested such relief under the federal act. *See* ECF No. 8 at n.1 (raising this issue). To the extent necessary, Crane either requests the Court construe this footnote as his amendment to change all references to the TDJA in the Complaint to the federal act, or grant Crane leave to file an amended complaint doing so. Crane seeks to minimize the use of the parties' and the Court's resources over this relatively inconsequential issue.

01-05-00367-CV, 2006 WL 1767138, at *1 (Tex. App.—Houston [1st Dist.] June 29, 2006, no pet.) (affirming summary judgment).

Crane's breach of contract allegations regarding the bonus wages he earned, but that the Company refuses to pay him, are more than adequate to meet the "minimal pleading requirements of Rule 8 …" *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 497 n.2 (5th Cir. 2015). And to the extent necessary, substantively Crane's allegations for breach of contract for his unpaid earned bonus wages include, but are not limited to, the following contract language:

- "…you *shall* be eligible to participate in the Company's executive bonus plan …" ECF No. 8-1 at p. 3 (emphasis added).

- "The annual bonus targets generally *shall* be set such that you *shall* earn a bonus of 100% of your base annual salary upon achievement of certain financial and strategic objectives, as determined by the Compensation Committee of the Company." *Id*. (emphasis added).

- "Your bonus for Fiscal Year 2017, ending on June 25, 2017, *shall* be $200,000." *Id*. (emphasis added).

Under Texas law, and presumably every other jurisdiction in the United States, the word "shall" is mandatory, not discretionary. *Matter of Pirani*, 824 F.3d 483, 497 (5th Cir. 2016) ("The sentence employs the mandatory term 'shall.'"). In addition, fact questions exist as to whether the Company made a conditional precedent impossible for Crane to comply with the subject contract. In any event, Crane states a claim and the Court must deny the Motion.

Rave also alleges that this Court should dismiss this case before it gets started because "Crane [] does not allege he satisfied conditions to the receipt of the bonus he seeks." ECF No 8 at p. 16. The Company cites no authority for the proposition that under Rule 8, a plaintiff must affirmatively and exhaustively plead the satisfaction of each and every condition precedent. Rule 9, in fact, states the opposite: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." FED. R. CIV. P. 9 (c). Crane did

exactly what Rule 9 expressly authorizes. ECF No. 1 ¶69. The Court should deny Rave's Motion vis-à-vis Crane's allegations regarding the Company's refusal to pay him his earned bonus wages.

C. **Crane states an appropriate contract claim for the Company's wrongful refusal to pay him unpaid vacation.**

Rave again cites only a summary judgment case in requesting this Court dismiss this case at the pleading stage on his claim for earned vacation pay the Company refuses to pay him. ECF No. 8 at p. 16-17. Rave is again incorrect when it argues that the Court should dismiss this claim for failure to state a claim. Rave can disagree with the claim—it would be surprising if *any* defendant agreed with claims made by a plaintiff—but that does not make those claims appropriate for dismissal at the pleading stage under the federal rule's "liberal pleading standards applicable to claims for relief ..." *Karapetyan v. JPMorgan Chase Bank, N.A.*, 4:10CV536, 2011 WL 13217621, at *1 (E.D. Tex. Oct. 25, 2011) (Mazzant, J.).

Turning to the substantive argument, to the extent necessary, Rave's contracts—which it relies to argue it can unilaterally modify at its whim to deny its present and current employees their compensation—provide that Crane was "entitled to receive" the benefits. ECF No. 8-1 at 6. Crane's employment was a condition precedent to him receiving the benefits, but fact issues exist as to whether Rave made satisfaction of that condition impossible. Fact issues also exist as to whether Rave did in fact "'modif[y], reduce[] or eliminate[]' benefits or 'revise[]' them at its 'sole discretion'…" ECF No. 8 at p. 17. Regardless, Crane states "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).

D. **Crane states a claim upon which relief can be granted for severance pay and COBRA premiums.**

Continuing with the "kitchen-sink" approach to its 12(b)(6) Motion, the Company next asks the Court to dismiss Crane's allegation regarding severance pay and COBRA premiums. Rave's argument here is that Crane failed to satisfy a condition precedent—signing a severance

agreement—but Crane pleaded satisfaction of all conditions precedent, which properly fulfills his pleading obligations under Rule 8 and 9. Rave is entitled to deny the satisfaction of any condition precedent in its *answer*, but dismissal at the pleading stage is not proper.

Moreover, the severance agreement Rave presented would have required the wrongful release of Crane's claims to the very stock at issue in this litigation. It is nonsensical and inequitable that a company could force an employee to sign a severance agreement to receive only *some* of what he is legally owed, but that fails to pay him, and also releases/forfeits, the remainder of what he is legally owed, at the risk of the company arguing the employee should receive *nothing* because the employee refused to sign the severance agreement presented and demanded by the company. It is a classic Catch-22.

**E.     Crane states a cognizable claim for fraudulent inducement.**

   *1.     Crane adequately pleads fraudulent intent.*

Despite going through a detailed explanation of his fraudulent inducement claim, including organizing the facts and allegations consistent with binding Fifth Circuit precedent, Rave nevertheless moves to dismiss it for failure to state a claim.

First, Rave claims that Crane's allegation that "'[u]pon information and belief, Rave never intended to honor its promise of granting shares to Crane,' Compl. ¶ 40, is precisely the sort of naked allegation of fraudulent intent that is inadequate." ECF No. 8 at p. 19. But Rule 9(b) expressly states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b); *United States v. Bollinger Shipyards, Inc.*, 775 F.3d 255, 260 (5th Cir. 2014). Crane simply followed the express words of the Rules in alleging detailed facts surrounding the fraudulent inducement and generally alleging intent. No party could meet the unreasonable pleading standards Rave attempts to foist on Crane.

Rave next claims facts that arose after the fraud occurred are irrelevant to determining if the fraud occurred in 2016, and thus the Company argues Crane failed to state a claim. ECF No. 8 at p. 18-19. That is simply not true and ignores various basic evidentiary concepts recognized under federal law, including but not limited to Federal Rule of Evidence 405 (character evidence) and 406 (Habit; Routine Practice). If the Company has a practice, habit and routine of doing the same thing it did to Crane—making various promises of stock and other benefits and terminating right prior to its vesting—that is absolutely competent, and indeed powerful, evidence that Rave fraudulently induced Crane to move to Texas, exceed expectations at Rave, and then ignominiously terminate him right before he received what Rave promised him. Evidence to support fraudulent inducement is not somehow limited to a specific snapshot in time, as the Company argues.

### 2. *Crane adequately pleads justifiable reliance.*

Rave argues that a merger clause in one of the parties' contracts means that Crane failed to state a fraudulent inducement claim upon which relief can be granted. ECF No. 8 at p. 20. In support, Rave cites *Shakeri v. ADT Sec. Services, Inc.*, 816 F.3d 283 (5th Cir. 2016), a case that while affirming a dismissal based on a robust and specific merger provision, also said this:

> "[A] disclaimer of reliance or merger clause will not *always* bar a fraudulent inducement claim," but "a release that clearly expresses the parties' intent to waive fraudulent inducement claims, or one that disclaims reliance on representations about specific matters in dispute, can preclude a claim of fraudulent inducement." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997); *cf. Italian Cowboy Partners*, 341 S.W.3d at 334 (distinguishing pure merger clauses from those with "an expressed clear and unequivocal intent to disclaim reliance or waive claims for fraudulent inducement").

*Shakeri*, 816 F.3d at 296 (emphasis added).

The merger clause in *Shakeri* was much different than the one in this case. The *Shakeri* clause provided, among other things, "CUSTOMER IS NOT RELYING ON ANY ADVICE OR

ADVERTISEMENT OF ADT." *Id.* at 288. But there is nothing in the relevant contract between Crane and Rave that "disclaim[s] reliance or "waive[s] claims for fraudulent inducement." *Id.* The parties' relevant contract does not use the words "disclaim," "waive," or "fraudulent inducement." ECF No. 8-1. The subject merger clause is much more akin to the generic one the Texas Supreme Court found did *not* bar claim for fraudulent inducement in *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 328 (Tex. 2011). The merger clause in the instant agreement is a generic merger clause, and it is certainly not clear and unequivocal enough to dismiss Crane's claims at the pleading stage.

**F.      Crane agrees that he failed to state a claim for statutory fraud.**

The Motion and research it spurred made Crane aware that his Complaint does not adequately plead a cause of action for *statutory* fraud under Texas law. Not only the case Crane cites of *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 823-24 (Tex. App.—Houston [1st Dist.] 2015, no pet.), but also *Ginsburg v. ICC Holdings, LLC*, 3:16-CV-2311-D, 2017 WL 5467688, at *20 (N.D. Tex. Nov. 13, 2017) (Fitzwater, J.), leave no doubt that unvested stock options cannot support a claim for statutory fraud under Texas law. Thus, dismissal of Crane's claim for statutory fraud is proper, but as set forth below, Crane requests leave to amend.

**G.      If the Court finds that Crane failed to state a claim, the Court should grant Crane leave to amend.**

"Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Estate of I.C.D. v. Beaumont Indep. Sch. Dist.*, 1:18-CV-137, 2020 WL 1028073, at *12 (E.D. Tex. Mar. 2, 2020) (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)). While there are exceptions to this general rule, none are applicable here. *See id*. Thus, while the Court should not grant the Motion other than in

regard to his statutory fraud claim, if it does, Crane is entitled to leave to amend his Complaint and hereby requests such leave.

While the Court should dismiss Crane's statutory fraud claim because, as pleaded, it is premised only on stock that did not vest because Rave fired him right before it vested, the Court should permit him to re-plead. As Crane noted in paragraph 18 of his Complaint, he not only received stock options in Rave, but he purchased outright 400,000 in Rave shares. To the extent Crane can allege a cause of action for fraudulent inducement regarding those shares he actually purchased, the Court should grant him leave to do so.

## CONCLUSION

Crane's Complaint did not warrant this "rare" and "disfavored" Rule 12(b)(6) Motion. Except as specifically acknowledged regarding his statutory fraud claim, all of his claims are well pleaded, providing Rave with ample notice of Crane's claims in a "simple, concise, and direct" way that provides a "short and plain statement of the claim showing that [Crane] is entitled to relief. FED. R. CIV. P. 8. The Court should deny the Motion, save and except regarding Crane's statutory fraud claim, and grant Crane such further relief to which he is entitled, including but not limited to leave to amend.

Respectfully submitted,

*/s/ Brian P. Shaw*
**R. ROGGE DUNN**
Texas Bar No. 06249500
Email: rdunn@roggedunngroup.com
**JOSHUA J. IACUONE**
Texas Bar No. 24036818
Email: iacuone@roggedunngroup.com
**BRIAN P. SHAW**
Texas Bar No. 24053473
E-mail: shaw@roggedunngroup.com

**ROGGE DUNN GROUP PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: 214.888-5000
Facsimile: 214.220.3833

**ATTORNEYS FOR PLAINTIFF SCOTT CRANE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record on the 6th day of April, 2020, via ECF.

*/s/ Brian P. Shaw*
ROGGE DUNN
JOSHUA J. IACUONE
BRIAN P. SHAW