# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT CRANE, | § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:20-CV-00013 |
| v. | § § § | Judge Mazzant |
| RAVE RESTAURANT GROUP, INC., | § § § | |
| *Defendant.* | § | |

## VERDICT OF THE JURY

We, the jury, find as follows:

**Breach of Contract**

### QUESTION 1

Do you find by a preponderance of the evidence that Crane met the performance criteria set forth in the 2017 Restricted Stock Unit Award Agreement?

Answer "Yes" or "No."

Answer: _Yes_

If you answered "Yes" to Question No. 1, proceed to Question No. 3.

If you answered "No" to Question No. 1, proceed to Question No. 2.

# QUESTION 2

Do you find by a preponderance of the evidence that Rave prevented Crane from meeting, or made it impossible for Crane to meet, the performance criteria?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 2, proceed to Question No. 3.

If you answered "No" to Question No. 2, proceed to Question No. 4.

# QUESTION 3

What sum of money, if any, would fairly and reasonably compensate Crane for his damages, if any, resulting from Rave's failure to transfer the Restricted Stock Units?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

Answer: $ 924,000 . 00

Proceed to Question No. 4.

**Fraudulent Inducement**

## QUESTION 4

Do you find by a preponderance of the evidence that Rave committed fraudulent inducement against Crane?

Answer "Yes" or "No."

Answer: __NO__

If you answered "Yes" to Question No. 4, proceed to Question No. 5.

If you answered "No" to Question No. 4, proceed to the last page to sign and date the Jury Verdict.

## QUESTION 5

What sum of money, if any, would fairly and reasonably compensate Crane for his damages, if any, that resulted from Rave's fraudulent inducement?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

Answer: $ _____

Proceed to Question No. 6.

## **Punitive Damages for Fraudulent Inducement**

### QUESTION 6

Do you find by clear and convincing evidence that the harm caused by Rave against Crane resulted from malice?

Answer "Yes" or "No."

Answer: _____

If you answered "Yes" to Question No. 6, proceed to Question No. 7.

If you answered "No" to Question No. 6, proceed to the bottom of the page to sign and date the Jury Verdict.

### QUESTION 7

What sum of money, if any, if paid now in cash, should be assessed against Rave and awarded to Crane as exemplary damages, if any, for the conduct found in response to Question No. 6?

Answer in dollars and cents, if any.

Answer: _____

Foreperson's Initia _____    Date: 10/29/2021