IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT CRANE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-00013 |
| | § | |
| RAVE RESTAURANT GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF JOSHUA IACUONE

STATE OF TEXAS

COUNTY OF DALLAS

I, Joshua Iacuone, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury, that the following is true and correct to the best of my personal knowledge and based on information obtained through the review of records and inquiry of certain persons referenced herein.

1. I am over eighteen years of age, I am of sound mind and body, and I have never been convicted of a felony or offense involving moral turpitude. I am fully competent to make this affidavit and file same in Cause No. 4:20-cv-00013 (this "Action").

2. I have personal knowledge of the facts stated herein because I am the lead trial attorney for Scott Crane (hereinafter the "Client"), the Plaintiff in this Action. I also have personal knowledge of the facts stated herein because I am employed by the Rogge Dunn Group, PC (hereinafter "RDG" or our "Firm") as a partner. In my job position and as the lead trial lawyer for the Client, I have experience and familiarity with the issues in, attorney work done, and the reasonable and necessary attorneys' fees incurred in this Action. I participated in and/or oversaw the legal work for the Client in this Action.

1

3. I assisted R. Rogge Dunn ("Dunn") with the preparation of his calculation of attorney's fees, as summarized in Exhibit A attached to his declaration filed contemporaneously with my declaration.

4. I am an attorney licensed to practice law by the Supreme Court of Texas. I have been licensed since 2002. I currently practice with the firm of RDG.

5. Since I began practicing law, I have primarily been engaged in litigation matters. I have been trial counsel in jury and non-jury trials in federal and state courts and numerous arbitrations. I have experience and knowledge in a wide variety of civil law cases, including business and employment disputes. I devote a significant part of my practice to civil litigation. I routinely litigate matters involving causes of action for breach of contract cause of action. I have been Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization since 2013.

6. I received my Juris Doctor in 2002 from Southern Methodist University. After that, I was a law clerk for the Honorable District Judge Richard Schell of the Eastern District of Texas. My bio is attached hereto as Exhibit A.

7. I am admitted to practice in all federal district courts in Texas and the Fifth Circuit Court of Appeals.

8. My firm is located at 500 N. Akard Street, Suite 1900, Dallas, TX, 75201-6629. I have 19 years of litigation experience and have been actively engaged in the practice of law during that time. My practice has and still does include litigation of matters such as those involved in this Action.

9. I have participated in and have personal knowledge of this Action and the work performed in the representation of the Client. I have worked with and peer reviewed/observed all work of the other RDG lawyers and paralegals who have provided services to the Client in this Action.

10. There are multiple timekeepers who participated in the preparation and presentation of this case, but any duplication of time was reduced in arriving at the number of hours sought to be recovered in this Action. For example, five paralegals worked on this case. One assisted on only one date and is thus not listed. Four other paralegals are listed – two departed the firm. There was overlap while the case transitioned from one paralegal to another (*e.g.,* from Jones to Thomas) but any overlap was deleted from the requested fee.

11. Likewise, attorneys Myers, Shaw, and McAllister are listed – their time entries do not overlap. Myers departed and was replaced by Shaw; he departed and was replaced by McAllister. In other words, RDG went to great lengths to be efficient for Mr. Crane and to be effective for this present fee request.

12. As reflected in the billing records (*see* Dunn Declaration, Exhibit B), associates (McComber, Richardson, and Gross) performed certain isolated research assignments because their actual hourly rates are lower than the partners. Further, partners with lower rates (Collins, Shaw, McAllister) performed more junior partner tasks than the partners (Dunn and Iacuone) with higher rates. The reasonableness of RDG's decisions is demonstrated in part by how closely they mirror— or were leaner than—those Defendant made in this Action. Crane sent only one attorney to depositions and two attorneys from RDG represented Crane at trial, while Defendant was represented by three attorneys at trial.

13. In my opinion, certain actions by Defendant added to the number of hours billed by RDG. Specifically, Defendant's primary witness was Mark Schwarz. His behavior throughout the lawsuit added to the hours billed. Examples include:

> (A) Without notice, he failed to attend his first scheduled deposition. He claimed he was unable to locate his counsel's office. The distance between Schwarz's office (where he's worked for over twenty years) to his own attorneys' office is 0.6 miles.

(B) During his re-scheduled deposition, he showed up about 30 minutes late, and his refusal to answer questions delayed the deposition significantly. That refusal required Plaintiff's counsel to call the hotline to involve Magistrate Judge Craven. During the call Magistrate Judge Craven threatened to sanction Schwarz and her order "instructed Defendant's counsel to advise [Schwarz] to answer the questions as asked." (Dkt. #68).

(C) Schwarz's deposition answers included perjury, which increased the amount of time required for Crane's attorneys to prepare for trial.

(D) During trial, Schwarz's testimony contradicted his deposition testimony so often that he was impeached by video deposition clips in excess of 12 times. His corresponding impeachment lengthened the trial.

(E) During trial, when questions by Defendant's counsel, Schwarz recalled many details about a 2006 lawsuit by Ronnie Parker against Defendant. But when Schwarz was questioned by Plaintiff's counsel, Schwarz denied any memory of being deposed for six-hours in that case. When shown the transcript and asked if his memory was refreshed, he continued to claim he could not recall that deposition.

(F) Later that day, Defendant's in-house counsel claimed that he "had been looking all over for that transcript" and indicated he/Schwarz had been looking for that transcript during the days before trial. Defendant's in-house counsel was also in the courtroom when Schwarz testified that he had no recall of even being deposed in the Parker lawsuit.

(G) Also, when Schwarz was shown the transcript (it could not be seen by the jury) and asked if his memory was refreshed and could recall being deposed, he avoided the question to answer, "I see your law firm on there." His answer was made deliberately to violate the Court's Order on the Motion in Limine – an order _agreed by the parties_. (Dkt. #95 at No. 5) ("Any testimony, argument or mention of a document that Rogge Dunn, his prior law firm (or any lawyers there), or any other lawyers at Rogge Dunn Group PC previously represented any other Rave employees, including Ronnie Parker, against Rave or its affiliates.").

14. I am a duly authorized custodian of records for RDG and in such capacity, I have authority to certify the attached records.

15. The attached records were kept in the course of the regularly conducted business activity of RDG and were prepared as a regular practice and custom of RDG.

4

16. The attached records were prepared and/or kept in the ordinary course of business at or near the time of the act and/or event reported thereon, and by a person or persons with knowledge of and a business duty to record or transmit those matters.

17. The statements and costs outlined in this Declaration, all attachments thereto, and the Bill of Costs are true and correct, and are within my personal knowledge.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the following is true and correct.

_____     11-15-21
Joshua Iacuone                      Date

# EXHIBIT A

## Joshua Iacuone

Mr. Iacuone represents a variety of clients in employment, personal injury, and business litigation cases — on both sides of the docket. His employment practice includes working with clients on all types of employment discrimination cases, as well as non-compete and executive compensation disputes.

**Direct:** 214.239.2763
**Mobile:** 214.274.8393
**Email:** Josh@RoggeDunnGroup.com
**LinkedIn:** linkedin.com/in/joshua-iacuone-aa052112/

### Education

- **B.B.A.:** Texas Tech University, *cum laude*, 1999
- **Juris Doctor:** Southern Methodist University Dedman School of Law, *cum laude*, 2002
- SMU Law Review, 2000-2002
- Journal of Air Law & Commerce, 2000-2002
- Jackson Walker First-Year Moot Court Champion
- SMU Air Law Symposium, 2000-2002
- Finalist for the John Howie Best Casenote Award *"Wellons v. Northwest Airlines, Inc.; Defining 'Service' Under the Airline Deregulation Act, Why the Majority of Circuits Are Wrong,"* 66 J. AIR L & COM. 861 (2001)

### Board Certifications

- Labor & Employment Law
- Texas Board of Legal Specialization

### Court Admissions

- State of Texas
- United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas

### Publications/Speaking Engagements

- *The Importance of Well-drafted Job Descriptions in Failure to Hire/Promote Litigation*, Sponsored by Lorman Seminars, 2006
- *Employment Laws Made Simple,* NBI Seminars, February 1, 2012

### Areas of Expertise

Mr. Iacuone has tailored his practice to specialize in helping executives, financial advisors, and employees in their compensation, discrimination, whistleblowing/retaliation, and business divorce disputes. Mr. Iacuone represents a variety of clients in employment, personal injury, and business litigation cases — on both sides of the docket. His employment practice includes working with clients on all types of employment discrimination cases, as well as non-compete and executive compensation disputes. He also handles trade secret matters, and has obtained and defeated temporary restraining orders and injunctive relief concerning departing employees.

Mr. Iacuone's business litigation experience ranges from handling contractual disputes for clients in a number of industries, including online dating services and a preeminent lighting manufacturer, as well as handling cases involving various business torts.

### Legal Experience

Prior to joining Rogge Dunn Group PC, Mr. Iacuone honed his litigation skills from all angles: clerking for a federal judge, handling an active docket for the law firm of Figari & Davenport LLP, and working as in-house counsel for a Fortune 500 company.

Following law school, Mr. Iacuone clerked for the Honorable Richard A. Schell in the United States District Court for the Eastern District of Texas. Mr. Iacuone's judicial clerkship experience provides him with a keen understanding of how courts work and substantial procedural know-how. Following his clerkship, Mr. Iacuone joined one of the preeminent litigation boutiques in Dallas, Texas, where he successfully first-chaired trials and handled significant lawsuits in federal and state appeals courts. Later, to further pursue his love of flying, Mr. Iacuone joined a Fortune 500 Airline's legal team as a senior litigation and regulatory counsel. That experience taught him first-hand the "real world" business concerns (costs and efficiency) and results-oriented focus of most clients.

## Awards

- Honored as a Texas "Rising Star" (a Thomson Reuters service), published in *Texas Monthly magazine*
    - 2013, 2014, 2015, 2016, 2017
- Honored as a Texas "Super Lawyer," a Thomson Reuters service, published in *Texas Monthly*
    - 2018, 2019, 2020
- Honored in "Top 100 Up-and-Coming Texas 'Rising Stars' " as one of the top 100 lawyers in the state of Texas under 40 years old (a Thomson Reuters service), published in *Texas Monthly*
    - 2017

   

## Representation & Results

- Legal advisor for corporate emergency "Go Team"
- Led company's mission to protect intellectual property, proprietary information, and customer data from data-scrapers (and any other unauthorized use)
- Interfaced with governmental entities regarding criminal issues, including warrants and subpoenas, as well as regulatory issues and corporate compliance
- Counseled and advised clients regarding privacy and libel issues for employee's online content, including Facebook and Twitter postings/forums
- As lead counsel, settled (for 100% of demand) a complicated compensation dispute on behalf of a departing hedge fund manager
- Drafted and negotiated multiple executive compensation agreements
- Briefed and argued a complicated jurisdictional issue before the Dallas Court of Appeals
- Obtained multiple temporary restraining orders against clients' former employees in Harris County District Court and Dallas County District Court
- As first chair, successfully defeated a special appearance by a New Zealand corporation following a two-day proceeding in Dallas County Court
- As first chair, achieved a complete defense verdict in Harris County Court on a matter of first impression regarding electronic health records and durable medical equipment
- As first chair, achieved a complete defense verdict for his insurance client in Montgomery County Court
- Secured $1.04 million dollar Dallas County jury verdict on behalf of the registered nurse in novel employment bullying, retaliation, and wrongful discharge case. When Doctors threatened bankruptcy, obtained settlement of $440,000 (Client's net $152,000)