# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SCOTT CRANE, § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:20-CV-13-ALM |
| § | Judge Mazzant |
| v. § | |
| § | |
| RAVE RESTAURANT GROUP, INC., § | |
| § | |
| *Defendant.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Scott Crane's FRCP 59(e) Motion for Modification of Judgment to Include Severance Payment (Dkt. #121). Having considered the motions and the relevant pleadings, the court finds the Motion for Modification of Judgment to Include Severance Payment (Dkt. #121) should be **DENIED**.

## BACKGROUND

Defendant Rave Restaurant Group. Inc. ("Rave") is a public company that owns a chain of pizza restaurants (Dkt. #1 ¶ 11). Plaintiff Scott Crane ("Crane") worked as Rave's Chief Executive Officer from January of 2017 to July of 2019 (Dkt. #1 ¶¶ 18, 24). An Employment Agreement and multiple Restricted Stock Unit Award ("RSUA") Agreements governed the terms of Crane's employment and compensation with Rave. Under these agreements, Crane was entitled to a grant of 300,000 Restricted Stock Units ("RSU"). The vesting date for the RSUs was October 15, 2019 (Dkt. #1 ¶ 26). In addition, Crane had to meet certain performance criteria before the RSUs would vest (Dkt. #1 ¶¶ 25–29). According to Crane, the promise of future shares in Rave enticed him to join the company as its CEO (Dkt. #1 ¶ 16).

Despite improvements to Rave's balance sheets under Crane's leadership, in July of 2019, Rave's Chairman of the Board, Mark E. Schwarz ("Schwarz"), terminated Crane and refused to award Crane any of the RSUs he earned pursuant to the RSUA. On January 6, 2020, Crane filed suit against Rave for breach of contract, fraudulent inducement, statutory fraud, and declaratory judgment (Dkt. #1).

On November 27, 2020, Rave filed a motion for summary judgment (Dkt. #36). In its Memorandum Opinion and Order dated August 4, 2021, the Court disposed of all of Crane's claims except for his breach of contract claim for RSUs and fraudulent inducement claim (Dkt. #72).

Thus, the case proceeded to trial on October 25, 2021. On October 29, 2021, the jury rendered a verdict in favor of Crane on his breach of contract claim and found $924,000.00 would fairly and reasonably compensate Crane for damages stemming from Rave's breach (Dkt. #108). The Court entered its Final Judgment on November 1, 2021 (Dkt. #111).

On November 23, 2021, Crane (Dkt. #121) filed his FRCP 59(e) Motion for Modification of Judgment to Include Severance Payment (Dkt. #121). Rave responded on December 7, 2021 (Dkt. #127). Crane replied on December 9, 2021 (Dkt. #132).

**LEGAL STANDARD**

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669–70 (5th Cir. 1986) (en banc) (citing 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal

citations and quotations omitted).  The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Cabalcante v. United* States, No. 4:16-cv-964, 2021 WL 2894086, at *1 (E.D. Tex. July 9, 2021) (citing *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478.  The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## ANALYSIS

Crane requests the Court modify its Final Judgment (Dkt. #111) to award him $300,000.00 in severance payment (Dkt. #121).  Rave argues the Court should deny the request as Crane merely reiterates arguments made at the summary judgment stage (Dkt. #127).

Crane argues Rave made it impossible for Crane to execute the severance agreement, Rave failed to cooperate under the Employment Agreement, and that Crane was excused from his obligation to comply with a condition precedent to receive the severance payment (Dkt. #121 at pp. 4–9). These are the same arguments Crane made to the Court at the summary judgment stage (Dkt. #41).  The Court considered Crane's arguments then and dismissed Crane's breach of contract claim for severance payment (Dkt. #72).  Because Crane's motion to modify seeks only to rehash legal arguments made during previous stages of the litigation, which is not a proper basis to modify a judgment pursuant to Rule 59(e).  *See Winding v. Grimes*, 405 F. App'x 935, 937 (5th

Cir. 2010) ("Rule 59(e) cannot be used to rehash the evidence 'or make arguments that could have been offered or raised before the entry of judgment.'"). Moreover, Crane fails to establish any manifest error of law or submit newly discovered evidence. Crane points only to the jury verdict as new evidence (Dkt. #121 at p. 2). However, the jury found Crane "met the criteria set forth in the 2017 Restricted Stock Unit Agreement" (Dkt. #111). Neither side disputes Crane's severance payment was governed by the severance provision in the Employment Agreement (Dkts. #127, 132). Thus, the jury's finding is not "newly discovered evidence" as it pertains to the severance payment. Without new arguments, new evidence, or a manifest error of law, Crane's motion to modify the Court's Final Judgment should be denied. *Templet*, 367 F.3d at 479.

## CONCLUSION

It is therefore **ORDERED** Plaintiff's FRCP 59(e) Motion for Modification of Judgment to Include Severance Payment (Dkt. #121) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 20th day of January, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE